## SWEENY v. MEANY.

April 6, 1836.

*Rule to show cause why a sheriff's sale, &c. should not be set aside.*

An *undivided portion* of land is not the subject of a summons in partition, to divide the same between its tenants in common.

THIS was an action of partition in which *Dennis Sweeny* was the plaintiff, and *Owen Meany* and others were the defendants. It was brought to have parted and divided between the parties, " *a certain full, equal and undivided moiety or half part*" of certain real estate described in the writ; and the declaration followed the writ. The plaintiff obtained a judgment *quod partitio fiat* by default, for want of defendant's appearance, and issued a *breve de part. fac.* on which the sheriff returned an inquisition, and that the property could not be divided without prejudice, &c. and affixing a valuation. The parties having all refused to take the premises at the valuation, a writ of sale was issued, and the sheriff sold the *undivided moiety* of the property described in the original writ and all the subsequent proceedings.

This was a rule to show cause why the sheriff's sale and the proceedings in partition should not be set aside.

*Meredith,* for the rule.
*Dallas* and *Rawle, contra.*

PER CURIAM.—The acts of assembly relating to partitions (*Purd. Dig., tit. Partition*) do not contemplate the issuing a writ to make partition between the tenants in common of an *undivided* portion of the land. This is obvious from the fact that the law bestows upon the inquest who are to act upon the *breve de partitione facienda,* the right and the duty to express an *opinion* as to whether the land held by the tenants in common is specifically the subject of division into parts, according to the judgment which has ascertained the rights of the parties, or that it cannot be divided without prejudice to or spoiling the whole. Act of the 11th of April 1799, sect. 2. There

[Sweeny v. Meany.]

can be no such thing as an actual division of an undivided portion : the object of setting out in severalty the part or purpart of each tenant can not, in any case like this, be reached.   For these reasons, these proceedings are irregular, and they must be set aside.

Rule absolute.